IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA CHAPPUE,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )  Civil Action No. 04-175J
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
            Defendant.           )

O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §405(g), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). 42 U.S.C. §§401-403. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted in part and denied in part, the Commissioner's motion will be denied and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed her application for DIB[1] on January 8, 2003,

---

[1] For DIB purposes, plaintiff acquired sufficient quarters of coverage to meet the insured status requirements of the Act through the date of the ALJ's decision, which was November 17, 2003. Thus, to establish disability under Title II of the Act, plaintiff must demonstrate that she was disabled on or before that date.

alleging disability beginning October 16, 2002, due to bipolar disorder, depression, sacroiliitis and trochanteric bursitis. Plaintiff's application was denied. Plaintiff timely filed a request for a hearing. An Administrative Law Judge ("ALJ") held a hearing on October 21, 2003, at which plaintiff appeared represented by counsel. On November 17, 2003, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). These well-established principles dictate that this court

AO 72A (Rev.8/82)

remand this case to the ALJ for further development at step 5 of the sequential evaluation process because the record does not contain substantial evidence to support the ALJ's findings and conclusions at that step.

## Statement of Material Facts

Plaintiff was 49 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education, and some college credits. Plaintiff has past relevant work experience as a certified nursing assistant, licensed practical nurse, telemarketer, auto rental clerk and substitute teacher, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease, sacroiliitis and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform the exertional demands of a range of light

work. Plaintiff requires work that is low stress, involves limited concentration and attention and little interaction with the public or supervisors. In addition, plaintiff must avoid exposure to temperature and humidity extremes (collectively, the "RFC Finding"). Based upon the RFC Finding, the ALJ concluded that plaintiff could not perform her past work. However, based on the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a coupon redemption clerk, housekeeper, flower picker in a greenhouse, nut sorter, surveillance system monitor or dowel product inspector. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

## Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has

promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff suggests that the ALJ's finding that her mental impairment does not meet or equal any listing in Appendix 1 is not supported by substantial evidence. Further, at step 5, plaintiff asserts that the ALJ failed to properly assess her mental residual functional capacity, and, as a result, the ALJ's hypothetical to the vocational expert did not contain all of her limitations. Although the court finds that plaintiff's step 3 argument lacks merit, the court agrees that the ALJ erred at step 5 in this case.

Plaintiff first challenges the ALJ's findings at step 3 of

the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Plaintiff's step 3 argument is that the ALJ's observations concerning her mental health impairment were inaccurate. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff has degenerative disc disease, sacroiliitis and depression, which are severe impairments. With respect to

AO 72A
(Rev.8/82)

plaintiff's mental impairment, the ALJ determined that her depression does not meet or equal a listed impairment. The ALJ stated that he considered the listings contained under section 12.00 of Appendix 1 for mental disorders. The ALJ then explained his reasoning as to why plaintiff's mental impairment does not meet or equal those listings. (R. 15-16). In this regard, with respect to the "B" criteria of the listings, the ALJ reasoned that plaintiff has moderate restrictions of activities of daily living, moderate difficulties maintaining social functioning, moderate difficulties maintaining concentration, persistence or pace, and one episode of decompensation. The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her mental impairment matches, or it equivalent to, a listing. For all of these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

Plaintiff next challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs,

AO 72A
(Rev.8/82)

such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds: (1) the ALJ erred in assessing her mental residual functional capacity; and (2) the ALJ's hypothetical to the vocational expert did not include all of her limitations. Plaintiff's claims will be addressed in turn.

Plaintiff first contends that the ALJ did not appropriately assess her mental residual functional capacity. The steps of the sequential evaluation process outlined in 20 C.F.R. §404.1520 apply to the evaluation of both physical and mental impairments. In addition, 20 C.F.R. §404.1520a describes the special technique for evaluating the severity of mental impairments. Under that regulation, a claimant's symptoms, signs and laboratory findings are evaluated to determine whether she has a medically determinable mental impairment. 20 C.F.R. §404.1520a(b)(1). Next, the claimant's degree of functional limitation resulting from the impairment is rated in the areas of activities of daily living, social functioning, concentration, persistence or pace and episodes of decompensation. 20 C.F.R. §404.1520a(c)(1)-(4). After rating the degree of functional limitation resulting from the claimant's mental impairment, a determination is made as to the severity of the impairment, and, if it is found to be severe, whether it meets or equals a listed mental disorder. 20 C.F.R. §404.1520a(d)(1)-(2). If the claimant has a severe mental impairment that does not meet or equal a listing, her residual

functional capacity must be assessed. 20 C.F.R. §404.1520a(d)(3).

The special technique described in 20 C.F.R. §404.1520a requires adjudicators to assess a claimant's limitations from a mental impairment in categories identified in the paragraph "B" and paragraph "C" criteria of the mental disorders listings in Appendix 1. See Social Security Ruling ("SSR") 96-8p. However, as SSR 96-8p cautions, an adjudicator must remember that the limitations identified in the paragraph "B" and paragraph "C" criteria are not a residual functional capacity assessment but rather are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. According to SSR 96-8p, the mental RFC assessment used at steps 4 and 5 requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs "B and C" of the mental disorders listings.

Here, as noted above, the ALJ made findings at step 3 concerning the paragraph "B" criteria of the listings (activities of daily living, social functioning, concentration, persistence or pace and episodes of decompensation) (R. 15-16), and he also discussed the paragraph "C" criteria (R. 16). As noted, SSR 96-8p explains that these findings relate to steps 2 and 3 of the sequential evaluation process. The ALJ's decision in this case does not set forth the required detailed assessment of the various functions contained in the broad categories found in paragraphs "B and C" of the mental disorders listings. Rather, in conclusory fashion, the ALJ sets forth the RFC Finding, but never explains

- 9 -

how he arrived at the restrictions imposed as a result of plaintiff's mental impairment. It appears that the ALJ relied on his step 3 analysis with respect to plaintiff's mental impairment as sufficient to make the RFC Finding. That is contrary to the requirements of 20 C.F.R. §404.1520a as explained by SSR 96-8p, which plainly states that a more detailed mental RFC assessment is required at step 5. For these reasons, the ALJ erred in assessing plaintiff's residual functional capacity with regard to her mental impairment. On remand, the ALJ must analyze plaintiff's residual functional capacity by performing the detailed assessment required by SSR 96-8p.

Plaintiff's next step 5 argument is that the ALJ's hypothetical to the vocational expert was deficient because it did not set forth all of her limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). As discussed, the ALJ's assessment of plaintiff's residual functional capacity from a mental standpoint was deficient. On remand, to the extent that the ALJ determines that any additional limitations and restrictions should be included in his assessment of plaintiff's mental residual functional capacity, those limitations and restrictions should be incorporated into an appropriate hypothetical to a vocational expert.

## Conclusion

For the foregoing reasons, this case shall be remanded to the Commissioner for further proceedings at step 5 of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: September 26, 2005

cc: Karl E. Osterhout, Esq.
570 Edgewood Towne Center Offices
1789 S. Braddock Ave.
Pittsburgh, PA 15218

John J. Valkovci
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901